UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, an Ohio Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AIG BAKER PELHAM, LLC, a Delaware Limited Liability Company, AIG/BAKER PARTNERSHIP, a Delaware General Partnership, AIG/BAKER, LLC, a Delaware Limited Liability Company, ALEX BAKER LIMITED PARTNERSHIP, a Georgia Limited Partnership, A.B. DEVELOPMENT, INC., an Alabama Corporation,<br><br>Defendants. | FILE NO.<br>CV-09-CO-1159-S |

## SECOND AMENDED COMPLAINT

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, and there is diversity of citizenship among the parties. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### PARTIES

2. Plaintiff Fifth Third Bank is a citizen of Ohio, incorporated under the laws of Ohio, with its principal place of business in Ohio. No Defendants are citizens of Ohio.

3. As of the date of filing the original Complaint and all times relevant thereto, Defendant AIG Baker Pelham, LLC is a Delaware Limited Liability Company

authorized to transact business in the State of Alabama and is a citizen of Delaware and Alabama. Specifically, Defendant AIG Baker Pelham, LLC's sole member is AIG Baker Shopping Center Properties, LLC, a Delaware Limited Liability Company and citizen of Delaware and Alabama, whose sole member is AIG/Baker Partnership, a Delaware General Partnership and citizen of Delaware and Alabama, whose partners are AIG/Baker, LLC, a Delaware Limited Liability Company and citizen of Delaware, and Alex Baker Limited Partnership, a Georgia Limited Partnership and citizen of Alabama. Defendant AIG Baker Pelham, LLC has no members that are citizens of Ohio.

4. As of the date of filing the original Complaint and all times relevant thereto, Defendant AIG/Baker Partnership is a Delaware General Partnership and citizen of Delaware and Alabama, whose sole partners are Defendants AIG/Baker, LLC, a Delaware Limited Liability Company and citizen of Delaware, and Alex Baker Limited Partnership, a Georgia Limited Partnership and citizen of Alabama. Defendant AIG/Baker Partnership has no partners that are citizens of Ohio.

5. As of the date of filing the original Complaint and all times relevant thereto, Defendant AIG/Baker, LLC is a Delaware Limited Liability Company and citizen of Delaware and New York, whose sole member is AIGGRE Baker Murray Hill 1, LLC, a Delaware Limited Liability Company and citizen of Delaware, whose sole member is AIG Global Real Estate Investment Corp., a corporation incorporated under the laws of Delaware with its principal place of business in New York, New York. Defendant AIG/Baker, LLC has no members that are citizens of Ohio.

6. As of the date of filing the original Complaint and all times relevant thereto, Defendant Alex Baker Limited Partnership is a Georgia Limited Partnership and citizen of Alabama, whose sole partner is Defendant A.B. Development, Inc., an Alabama Corporation, incorporated under the laws of Alabama with its principal place of business in Alabama. Defendant Alex Baker Limited Partnership has no partners that are citizens of Ohio.

7. As of the date of filing the original Complaint and all times relevant thereto, Defendant A.B. Development, Inc. is a citizen of Alabama, incorporated under the laws of Alabama with its principal place of business in Alabama.

## FACTUAL BACKGROUND

8. On or about November 27, 2007, Plaintiff Fifth Third Bank (hereinafter, "Lender" or "Plaintiff"), made a loan in the original principal amount of $10,370,000.00 to AIG Baker Pelham, LLC (hereinafter, "Borrower"), evidenced by that certain Promissory Note dated November 27, 2007, made by Borrower to the order of Lender in the original principal amount of $10,370,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit "A."

9. The obligations of the Note are further subject to the terms of that certain Credit Agreement dated November 27, 2007, and executed by Borrower in favor of Lender (the "Credit Agreement"), and that certain Mortgage and Security Agreement executed by Borrower in favor of Lender for certain real property located in Shelby County, Alabama, and an Assignment of Rents and Leases executed by Borrower in

favor of Lender (collectively, the "Security Documents"). True and correct copies of the Security Documents are attached hereto as Exhibit "B."

10. Moreover, as additional security for the loan from Lender to Borrower, on or about November 27, 2007, Defendant AIG/Baker Partnership (hereinafter, "Guarantor") executed a Guaranty Agreement in favor of Lender to absolutely and unconditionally guarantee the obligations of Borrower to Lender under the Note and Security Documents (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit "C."

11. Pursuant to the terms of the Note, Credit Agreement, and Security Documents (collectively, the "Loan Documents"), Borrower was required to make regular monthly payments of interest to Lender until the maturity of the loan.

12. Borrower has failed to make regular interest payments to Lender for the months of February, March, April and May, 2009.

13. On or about April 21, 2009, Lender provided Borrower with notice of its default under the Loan Documents and demanded that Borrower cure said defaults within five (5) days of receipt. A true and correct copy of Lender's April 21, 2009 notice of default is attached hereto as Exhibit "D."

14. Moreover, Lender provided Guarantor with a copy of the April 21, 2009 notice of default sent to Borrower. A true and correct copy of Lender's letter to Guarantor is attached hereto as Exhibit "E."

15. Borrower wholly failed to cure the default as demanded by Lender.

16. Accordingly, on or about May 14, 2009, Lender notified Borrower that because Borrower had failed to cure the default under the Loan Documents, Lender was exercising its rights to accelerate the Note. A true and correct copy of Lender's May 14, 2009 notice of acceleration is attached hereto as Exhibit "F."

17. Moreover, Lender provided Guarantor with a copy of the May 14, 2009 notice of acceleration sent to Borrower. A true and correct copy of Lender letter to Guarantor is attached hereto as Exhibit "G."

18. To date, neither Borrower nor Guarantor has satisfied the obligations to Lender under the Loan Documents.

## STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

### Promissory Note

19. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein and adds the following:

20. Borrower breached the terms of the Note by failing to remit and make regular interest payments to Lender for the months of February, March, April and May, 2009.

21. As a result of Borrower's breach of the Note, Plaintiff is entitled to a judgment against Defendant AIG Baker Pelham, LLC, in an amount to be proven at trial, including all principal, interest, late charges and costs, owed pursuant to the Loan Documents. Nothing contained herein should be construed as a waiver of Plaintiff's right with respect to any collateral outlined in the Loan Documents. Plaintiff expressly

reserves its rights to proceed against any or all of the collateral outlined in the Loan Documents.

22.   As a consequence of Plaintiff's engagement of counsel to provide representation with respect to the Loan Documents and to commence and institute this legal proceeding on its behalf, Plaintiff is entitled to recover from the Borrower all attorney's fees, litigation expenses, costs, and charges incurred or relating thereto.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Fifth Third Bank demands a judgment against Defendant AIG Baker Pelham, LLC, for the following sums due at the filing of the original Complaint:

(a)   The unpaid outstanding principal balance of the Note in the amount of $7,296,796.40, accrued and unpaid interest of $67,915.95 with a per diem of $466.18, and late charges of $3,338.01, plus such additional sums as may be proven at trial;

(b)   All attorney's fees, litigation expenses, and costs of court incurred;

(c)   Post-judgment interest, pursuant to Alabama law; and

(d)   For such other and further relief as this Court deems just and proper.

## COUNT TWO

### Guaranty

23.   Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein and adds the following:

24.   By failing to cure the failures of payment and performance by Borrower outlined herein, Guarantor breached its guaranty obligations to Plaintiff.

25. As a result of Guarantor's breaches, Plaintiff is entitled to a judgment against Defendant AIG/Baker Partnership, jointly and severally with Defendant AIG Baker Pelham, LLC, in an amount to be proven at trial, including all principal, interest, late charges and costs, owed pursuant to the Loan Documents.

26. Further, because Defendant AIG/Baker, LLC is a general partner of Defendant Guarantor AIG/Baker Partnership, a general partnership, Defendant AIG/Baker, LLC is liable for all debts and liabilities of Defendant Guarantor AIG/Baker Partnership.

27. Moreover, because Defendant Alex Baker Limited Partnership is a general partner of Defendant Guarantor AIG/Baker Partnership, a general partnership, Defendant Alex Baker Limited Partnership is liable for all debts and liabilities of Defendant Guarantor AIG/Baker Partnership.

28. Additionally, because Defendant A.B. Development, Inc. is the general partner of Defendant Alex Baker Limited Partnership, Defendant A.B. Development, Inc. is liable for all debts and liabilities of Defendant Alex Baker Limited Partnership.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Fifth Third Bank demands a judgment against Defendants AIG/Baker Partnership, AIG/Baker, LLC, Alex Baker Limited Partnership, and A.B. Development, Inc., for the following sums due at the filing of the original Complaint:

(a) The unpaid outstanding principal balance of the Note in the amount of $7,296,796.40, accrued and unpaid interest of $68,382.13 with a per diem

of $466.18, and late charges of $3,338.01, plus such additional sums as may be proven at trial;

(b)     All attorney's fees, litigation expenses, and costs of court incurred;

(c)     Post-judgment interest, pursuant to Alabama law; and

(d)     For such other and further relief as this Court deems just and proper.

This 10th day of November, 2009.

                                          William S. Pritchard, III
                                          ASB-4346-P58W
                                          Email: billyp@pm-j.com

                                          James G. Henderson
                                          ASB-6034-E66J
                                          Email: jamesh@pm-j.com

**OF COUNSEL:**
PRITCHARD, McCALL & JONES, L.L.C.
800 Financial Center
505 North 20th Street
Birmingham, AL  35203
Telephone: (205) 328-9190
Fax: (205) 458—0035


                                          /s/ Ryan D. Worsley
                                          Ryan D. Worsley
                                          GA St. Bar No.: 690606
                                          Email: rworsley@atclawfirm.com


                                          /s/ James C. Joedecke Jr.
                                          James C. Joedecke, Jr.
                                          Ga St. Bar No.: 391885
                                          Email: jjoedecke@atclawfirm.com

Andersen, Tate & Carr, P.C.
One Sugarloaf Centre, Suite 4000
1960 Satellite Boulevard
Duluth, Georgia 30097
Telephone: (770) 822-0900
Fax: (770) 822-9680

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November 2009, I have served the foregoing Pleading on counsel of record for the Defendants, by using the CM-ECF system which will send electronic notification to all parties.

James A. Harris, Jr.
Clyde O. Westbrook, III
Harris & Harris, LLP
2501 20th Place South, Ste. 450
Birmingham, AL 35223

_____
Of Counsel