FILED
2009 Nov-10  PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C- GUARANTY

# GUARANTY AGREEMENT

**THIS GUARANTY AGREEMENT** (this "Agreement") is made as of November 27, 2007, by **AIG/BAKER PARTNERSHIP**, a Delaware general partnership (the "Guarantor"). As used in this Agreement, except as otherwise defined herein or unless the context may clearly require to the contrary, all capitalized words and phrases shall have the meaning attributed to them in that certain Credit Agreement of even date herewith between AIG Baker Pelham, L.L.C. (the "Borrower") and Fifth Third Bank, N.A., a national banking association (the "Bank") (as the same may be amended or modified from time to time, the "Credit Agreement").

In consideration of One Dollar ($1.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantor agrees, covenants and represents as follows:

1.

(a)     Guarantor hereby absolutely and unconditionally guarantees to Bank Parties the due, regular and punctual payment and prompt performance of the Obligations.

(b)     This Guaranty is an unconditional guaranty, and Guarantor agrees that, upon the occurrence of an Event of Default, no Bank Party shall be required to assert any claim or cause of action against any Borrower Party or any other Person before asserting any claim or cause of action against Guarantor under this Agreement. Furthermore, Guarantor agrees that Bank Parties shall not be required to pursue or foreclose on any collateral that they may receive from any Borrower Party or others as security for any Obligations before making a claim or asserting a cause of action against Guarantor under this Agreement.

(c)     The failure of any Bank Party to perfect any portion of its security interest in any Collateral as set forth in the Loan Documents or any other collateral now or hereafter securing all or any part of the Obligations, shall not release Guarantor from Guarantor's liabilities and obligations hereunder.

(d)     To the extent permitted by law:  notice of acceptance of this Agreement and of any default by any Borrower Party is hereby waived by Guarantor; presentment, protest, demand, and notice of protest and demand of any and all collateral, and of the exercise of possessory remedies or foreclosure on any and all collateral received by any Bank Party from any Borrower Party are hereby waived; and all settlements, compromises, compositions, accounts stated, and agreed balances in good faith between any primary or secondary obligors on any accounts received as collateral shall be binding upon Guarantor.

(e)     This Agreement shall not be affected, modified, or impaired by the voluntary or involuntary liquidation, dissolution, sale or other disposition of all or substantially all of the assets, marshalling of assets and liabilities, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangements, composition with creditors or readjustment of, or other similar proceedings affecting any Borrower Party or any other Person, or any of the assets belonging to one or more of them, nor shall this Agreement be affected, modified or impaired by the invalidity of any Note, the Credit Agreement, any of the other Loan Documents,

1593424 v4

any Bank Swap Document or any other document executed by any Borrower Party in connection with any Loan.

(f)    Without notice to Guarantor, without the consent of Guarantor, and without affecting or limiting Guarantor's liability hereunder, Bank Parties may:

(i)    grant any Borrower Party extensions of time for payment of the Obligations or any part thereof;

(ii)    renew any of the Obligations;

(iii)    grant any Borrower Party extensions of time for performance of agreements or other indulgences;

(iv)    at any time release any or all of the collateral held by any Bank Party as security for the Obligations;

(v)    at any time release any other guarantor from such guarantor's guarantee of any of the Obligations;

(vi)    compromise, settle, release, or terminate any or all of the obligations, covenants, or agreement of any Borrower Party under any Note, the Credit Agreement, any one or more of the other Loan Documents, or any Bank Swap Document; and

(vii)    with the written consent of Borrower, modify or amend any obligation, covenant or agreement of Borrower set forth in any Note, the Credit Agreement, the other Loan Documents, or any Bank Swap Document.

(g)    This Agreement may not be terminated by Guarantor until such time as all Obligations, including any renewals or extensions thereof, have been paid and performed in full and such payments and performance of the Obligations have become final and are not subject to being refunded as a preference or fraudulent transfer under Bankruptcy Law or other applicable law.

2.    Guarantor represents and warrants to Bank Parties and covenants that Guarantor has full power and unrestricted right to enter into this Agreement, to incur the obligations provided for herein, and to execute and deliver the same, and that when executed and delivered, this Agreement will constitute a valid and legally binding obligation of Guarantor, enforceable in accordance with its terms.    Guarantor acknowledges that Bank Parties are relying upon Guarantor's covenants herein in extending credit to Borrower, and Guarantor undertakes to perform Guarantor's obligations hereunder promptly and in good faith.

3.    Guarantor covenants and agrees that so long as the Obligations are outstanding, Guarantor will from time to time upon request, furnish to Bank Parties such information regarding the business affairs, finances, and conditions of Guarantor and Guarantor's properties as may be required of Guarantor under the Credit Agreement.

4.     Guarantor hereby waives any right to indemnification and subrogation or other rights of reimbursement that Guarantor might have against Borrower or Borrower's estate.

5.     If any Borrower Party is or shall hereafter be indebted to Bank for any obligations, liability or indebtedness other than the Obligations, and Bank should collect or receive any payments, funds or distributions which are not specifically required, by law or agreement, to be applied to the Obligations, Bank may, in its sole discretion, apply such payments, funds or distributions to indebtedness of any Borrower Party other than the Obligations.

6.     This Agreement shall be binding upon, and inure to the benefit of, Guarantor, Bank Parties and their respective legal representatives, heirs, successors and assigns.

7.     The validity, interpretation, enforcement and effect of this Agreement shall be governed by, and construed according to the laws of, the State of Alabama. Guarantor and Bank consent that any legal action or proceeding arising hereunder shall be brought in the State and Federal courts in Alabama, and assent and submit to the personal jurisdiction of any such courts in any such action or proceeding

8.     GUARANTOR HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY ON ANY CLAIM, COUNTERCLAIM, SETOFF, DEMAND, ACTION OR CAUSE OF ACTION ARISING OUT OF OR IN ANY WAY PERTAINING OR RELATING TO THIS AGREEMENT OR ANY OTHER INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH OR IN CONNECTION WITH THE TRANSACTIONS RELATED HERETO OR THERETO OR CONTEMPLATED HEREBY OR THEREBY OR THE EXERCISE OF ANY RIGHTS AND REMEDIES HEREUNDER OR THEREUNDER, IN ALL OF THE FOREGOING CASES WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE. GUARANTOR AGREES THAT ANY BANK PARTY MAY FILE A COPY OF THIS PARAGRAPH WITH ANY COURT AS WRITTEN EVIDENCE OF THE KNOWING, VOLUNTARY AND BARGAINED AGREEMENT OF GUARANTOR WITH BANK IRREVOCABLY TO WAIVE TRIAL BY JURY, AND THAT ANY DISPUTE OR CONTROVERSY WHATSOEVER BETWEEN THEM SHALL INSTEAD BE TRIED IN A COURT OF COMPETENT JURISDICTION BY A JUDGE SITTING WITHOUT A JURY.

9.     In the event that any provision hereof is deemed to be invalid by reason of the operation of any law or by reason of the interpretation placed thereon by any court, this Agreement shall be construed as not containing such provisions and the invalidity of such provisions shall not affect other provisions hereof which are otherwise lawful and valid and shall remain in full force and effect.

10.     Any notice or payment required hereunder or by reason of the application of any law shall be given and deemed delivered as provided in the Credit Agreement, except no payment shall be deemed received until the actual receipt thereof.

11.    The failure at any time or times hereafter to require strict performance by Guarantor of any of the provisions, warranties, terms and conditions contained herein or in any other agreement, document or instrument now or hereafter executed by Guarantor and delivered to any Bank Party shall not waive, affect or diminish any right of any Bank Party hereafter to demand strict compliance or performance therewith and with respect to any other provisions, warranties, terms and conditions contained in such agreements, documents and instruments, and any waiver of any default shall not waive or affect any other default, whether prior or subsequent thereto and whether of the same or a different type.   None of the warranties, conditions, provisions and terms contained in this Agreement or in any agreement, document or instrument now or hereafter executed by Guarantor and delivered to Bank shall be deemed to have been waived by any act or knowledge of Bank, its agents, officers or employees, but only by an instrument in writing, signed by an officer of Bank, and directed to Guarantor specifying such waiver.

12.    The obligations of Guarantor under this Agreement will continue to be effective or be reinstated, as the case might be, if at any time any payment from any Borrower Party of any sum due to any Bank Party is rescinded or must otherwise be restored or returned by any Bank Party on the insolvency, Bankruptcy, dissolution, liquidation or reorganization of any Borrower Party or as a result of the appointment of a custodian, conservator, receiver, trustee or other officer with similar powers with respect to any Borrower Party's or any part of any Borrower Party's property or otherwise.   If an event permitting the acceleration of the maturity of the Loans has occurred and is continuing and such acceleration is at such time prevented by reason of the pendency against any Borrower Party of a proceeding under any Bankruptcy law, Guarantor agrees that, for the purposes of this Agreement and the obligations of Guarantor under this Agreement, the maturity of the Loans will be deemed to have been accelerated with the same effect as if Bank had accelerated the same in accordance with the terms of the Credit Agreement, the Notes, any of the other Loan Documents or any other document executed in connection with the Loans, and Guarantor will immediately pay the unpaid balance of the Loans.

13.    Guarantor will, on demand, reimburse Bank for all expenses incurred by Bank in connection with the preparation, administration, amendment, modification or enforcement of this Agreement, and if at any time hereafter any Bank Party employs counsel to advise or provide other representation with respect to this Agreement or any other agreement, document or instrument heretofore, now or hereafter executed by Guarantor and delivered to any Bank Party with respect to any Borrower Party or the Obligations, or to commence, defend or intervene, file a petition, complaint, answer, motion or other pleadings or to take any other action in or with respect to any suit or proceeding relating to this Agreement or any other agreement, instrument or document heretofore, now or hereafter executed by Guarantor and delivered to any Bank Party with respect to any Borrower Party or the Obligations, or to represent any Bank Party in any litigation with respect to the affairs of Guarantor, or to enforce any rights of Bank Parties or obligations of Guarantor or any other Person which may be obligated to any Bank Party by virtue of this Agreement or any other agreement, document or instrument heretofore, now or hereafter delivered to any Bank Party by or for the benefit of Guarantor with respect to any Borrower Party or the Obligations, or to collect from Guarantor any amounts owing hereunder, then in any such event, all of the Attorneys' Fees incurred by any Bank Party arising from such services and any expenses, costs and charges relating thereto shall constitute additional obligations of Guarantor payable on demand.

14.     Guarantor hereby waives any rights of exemption of property from levy or sale under execution or other process for the collection of debts under the Constitution or laws of the United States or any state thereof as to any of the obligations created hereunder.

15.     This Agreement constitutes the entire agreement and supersedes all prior agreements and understandings, both oral and written, between Guarantor and Bank with respect to the subject matter hereof.

* * * * *

**IN WITNESS WHEREOF**, this instrument has been duly executed by Guarantor as of the day and year first above written.

AIG/BAKER PARTNERSHIP,
a Delaware partnership

By:    ALEX BAKER LIMITED PARTNERSHIP,
       a Georgia limited partnership,
       its general partner

       By:    A.B. DEVELOPMENT, INC.,
           an Alabama corporation
           its general partner

           By:_____
           Its: PRESIDENT